UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALTEL DEJESUS and
LESTER LEMONS, II,

              Plaintiffs,

v.                                    **Case No. 15-cv-1532-pp**

ANDREW LARSON, et al.,

              Defendants.

**DECISION AND ORDER GRANTING MOTION
TO SEPARATE LAWSUITS (DOC. NO. 27) AND
DENYING REQUEST TO SUPPLEMENT COMPLAINT (DOC. NO. 28)**

      Lester Lemons, II and Waltel DeJesus, Wisconsin state prisoners who are representing themselves, filed a joint complaint under 42 U.S.C. §1983, alleging that their civil rights were violated. Dkt. No. 1. On March 2, 2016, the court screened the joint complaint pursuant to 28 U.S.C. §1915A(a), and allowed the two plaintiffs to proceed on Eighth and First Amendment claims. Dkt. No. 20.

      On March 4, 2016, plaintiff Lemons filed a "supplement" to his complaint that was not signed by DeJesus, Dkt. No. 21, and on March 7, 2016, DeJesus filed an amended complaint that did not reference and was not signed by Lemons, Dkt. No. 22. On March 14, 2016, the court entered an order striking those filings, and explaining to the plaintiffs that if they still wanted to proceed jointly, their filings must be signed by both of them. Alternatively, the court

1

explained that if they did not want to proceed jointly, one or both of the plaintiffs could file a motion with the court requesting that the court separate the current lawsuit into two different lawsuits.

On March 22, 2016, plaintiff Lemons filed a motion asking the court to separate the joint suit into two different lawsuits. Dkt. No. 27. The court grants this motion. The court will instruct the clerk of court to open a second case, and to copy all the pleadings that have been filed up to now in the current case into the second case. The court will also ask the clerk of court to docket this order in the second case. The plaintiffs should be aware that as of the date of this order, they are no longer pursuing this lawsuit jointly; each plaintiff must pursue his claims on his own.

Also on March 22, 2016, plaintiff Lemons moved to "supplement" the complaint "to rectify errors." Dkt. No. 28. Specifically, Lemons seeks to clarify that: (1) the defendants acted under the color of state law; (2) the defendants are being sued in their individual and official capacities; (3) Lemons exhausted all available administrative remedies; and (4) Lemons' correct name is Lester Lemons, II, not Lester Lemons, III. Id.

The court will direct the clerk of court to caption the new case to reflect Lemons' correct name; however, it will deny Lemons' motion to "supplement" the complaint in the other ways Lemons requests. Civil Local Rule 15 requires a plaintiff who seeks to amend a pleading to reproduce the *entire* pleading as amended. (E.D. Wis.) This rule helps make sure that the court and the

2

defendants can look at one document (the amended complaint) and see the full scope of the plaintiff's claims.

As an aside, the court advises Lemons that it is not necessary to include every detail in his complaint. The purpose of a complaint is to provide a defendant with notice of the claims that a plaintiff is asserting against him. The court already has found that the plaintiff may proceed on Eighth and First Amendment claims under 42 U.S.C. §1983; the fact that the court allowed the plaintiffs to bring claims under §1983 means that the court found they had alleged enough facts to make a *prima facie* showing that the defendants were acting under color of state law and that the plaintiffs had exhausted their remedies. If, later on in the lawsuits, the defendants argue that they weren't acting under color of state law, or that the plaintiffs did not exhaust their remedies, then the plaintiffs may respond to those allegations at that time.

With regard to Lemons' desire to state claims against the defendants in their official capacities (in the original complaint, the plaintiffs sued the defendants only in their individual capacities), the court notes that the distinction between official capacity and individual capacity is significant. "Personal-capacity suits seek to impose liability upon a government official for actions he takes under color of state law. . . . Official capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." Hill v. Shelander, 924 F.2d 1370, 1372 (7th Cir. 1991) (quoting Kentucky v. Graham, 473 U.S.159, 166 (1985)). In

3

other words, a personal-capacity suit is appropriate when an official, acting under the color of state law, personally deprives a plaintiff of a federal right. Id. On the other hand, an official-capacity suit is appropriate when a person is only executing or implementing the official policy or custom of a government entity. Id. Lemons' allegations do not indicate or imply the existence of an official policy or custom. Instead, he alleges that each defendant acted on his own to deprive Lemon of his constitutional rights. Accordingly, Lemons' complaint, as it currently stands, does not contain facts that would support official capacity claims.

In short, even if Lemons had followed the requirements of Civil Local Rule 15 and filed a full amended complaint, it wouldn't have gotten Lemons anything that he doesn't already have.

The court **GRANTS** Lemons' motion for an order separating this lawsuit into two separate lawsuits (Dkt. No. 27). The court **ORDERS** that the clerk of court shall open a new case, with the sole plaintiff being Lester Lemons, II and the defendants being those remaining in the above-captioned case. The court further **ORDERS** that the clerk of court shall remove Lemons as a plaintiff in Case No. 15-cv-1532-pp; the only plaintiff in Case No. 15-cv-1532-pp going forward shall be plaintiff Waltel DeJesus. The court **ORDERS** that the clerk of court shall duplicate in the new case all filings and orders which appear on the docket in this case up to this point. The court further **ORDERS** that the clerk of court docket this order in both the above-captioned case and the new case.

4

The court **ORDERS** the defendants to answer or otherwise respond in both cases.

The court **DENIES** Lemons' motion to supplement his complaint (Dkt. No. 28). The court **ORDERS** that the clerk of court shall identify the plaintiff in the new case as "Lester Lemons, II."

Dated in Milwaukee, Wisconsin this 24th day of March, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge